95   585
d102 860

## Richmond.

## SHIPMAN V. FLETCHER'S ADM'R.

### FEBRUARY 3, 1898.

Absent, Cardwell, J., and Keith, P.

1. APPEAL AND ERROR—*Amount in Controversy—Costs.*—This court is not deprived of jurisdiction of an appeal on the ground that it is from a decree for costs only, where it appears that it was for costs of an entirely different proceeding, and the amount exceeds $500.

2. COSTS—*Interest on.*—If a defendant in a judgment for costs enjoins the collection of the judgment upon the grounds which do not affect its validity, or furnish any foundation for restraining the plaintiff from prosecuting to judgment his claim, although it may be proper to stay its payment, he is liable for interest on the judgment from the time the injunction was granted.

3. COSTS.—A defendant who is properly enjoined from collecting a debt, though not from prosecuting it to judgment, is liable for the costs of the injunction proceedings.

Appeal from a decree of the Corporation Court of the city of Alexandria in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*W. Willoughby* and *Moore & Keith,* for the appellant.

*A. W. Armstrong* and *Edmund Burke,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

In June, 1888, William Fletcher filed his bill in the Circuit Court of Alexandria county against John J. Shipman and J.

G. Waters, in which he alleged that in the year 1878 Shipman had instituted a chancery suit against him to set aside a certain award; that such proceedings were had in that suit as resulted in that court's entering a decree on the 22nd day of March, 1888, in compliance with the mandate of this court, directing him to pay Shipman the sum of $1,467.70, costs of that suit in the Circuit Court and the Supreme Court of Appeals; that Shipman afterwards instituted a suit in the Supreme Court of the District of Columbia against him to enforce that decree; and that on the 10th day of April, 1888, Shipman executed a paper purporting to assign the decree for costs to Jos. G. Waters; that during the progress of the first-named cause, which was still pending, a motion was made to require Shipman, who was a non-resident, to give security for costs, and that a decree was entered on the 6th day of October, 1887, requiring such security to be given; that on the 31st day of May, 1888, Waters executed a paper pledging and assigning the decree of March 22, 1888, as security for all costs and damages that might be awarded him (Fletcher) in that suit, and the fees and costs of the officers of the court; that upon the filing of this last mentioned paper the court did not require Shipman to execute a bond for costs, but accepted the decree thus pledged in lieu thereof; that as soon as the court had adjourned Shipman and Waters, by means of the suit in the Supreme Court of the District of Columbia, endeavored to enforce the payment of the decree for costs by obtaining judgment thereon, and collecting the same by execution; that upon the settlement of accounts between him and Shipman, the latter would be found indebted to him in a sum greatly in excess of the amount of that decree; that Shipman was insolvent, and that any judgment or decree which the complainant might recover against him would be of no avail; that the assignment to Waters was made for the purpose of extorting the amount of the decree for costs from the complainant, and, if collected, would leave nothing to satisfy what Shipman owed him; that on the 29th day of November, 1887,

a garnishment proceeding was commenced against complainant to subject any funds in his hands due Shipman to the payment of an execution against Shipman in favor of the Chesapeake Guano Company for the sum of $589, with interest from the year 1881, and $10.60 costs, and that by reason thereof there was a liability upon the complainant; that under the law he was prohibited from paying anything to Shipman until the writ of *fieri facias* was satisfied, and that the garnishment proceeding had been continued to abide the result of the litigation in the case of *Shipman* v. *Fletcher*, pending in that court.

The prayer of the bill was that Shipman and Waters, who were made parties defendants, should be enjoined and restrained from, in any manner, taking any proceedings or doing anything towards enforcing the decree for costs by suit or otherwise in or out of this State, and for general relief.

The injunction as prayed for was granted on June 13, 1888.

An answer was filed, in which it was denied that Shipman was indebted to Fletcher, and the averment made that the commissioner in the case of *Shipman* v. *Fletcher* had ascertained that Fletcher was indebted to Shipman more than $26,000, and that this sum would be increased by that litigation, which would relieve Shipman from all liability for costs in that suit. The answer also denied that Shipman was insolvent, and that a judgment or decree rendered against him would be of no avail; that the assignment to Waters was made for the purpose of extorting money from Fletcher, as alleged in the bill; that there was any liability on Shipman to the Chesapeake Guano Company, or that the garnishment proceedings of that company created any liability on Fletcher which prohibited him from paying anything to Shipman until the *fieri facias* of the Chesapeake Guano Company was satisfied. The other allegations of the bill were expressly admitted.

Nothing further appears to have been done in this (the injunction) case until the September term, 1895, of the court, when it was suggested that Fletcher had departed this life, and

the suit was revived in the name of his personal representative, .and the cause removed to the Corporation Court for the city of Alexandria. On the same day a consent decree was entered in the cause by the last mentioned court directing a special commissioner to ascertain and report to the court the balance due by Shipman to the estate of Fletcher by virtue of the decree rendered in his favor by this court in the case of *Shipman* v. *Fletcher* on the 14th day June, 1895, allowing Shipman credit for the costs and damages in the cases of *Campbell* v. *Shipman et als.*; *Fletcher* v. *Shipman, Campbell et als.*, and the costs recovered by Shipman by the decree of March 22, 1888, and also provided that Shipman was not to be precluded from claiming interest on the last mentioned decree for costs before the commissioner, subject to the decision of the court thereon.

The commissioner stated the account directed, and made his report. Exceptions were filed to the report by Fletcher's administrator, and also by Shipman. The court, upon a hearing of the cause, sustained some of the exceptions filed by each party, and rendered a decree in favor of the administrator of Fletcher against Shipman for $751.31, with interest thereon from the 13th day of November, 1895, and the costs of the suit, and perpetuated the injunction. From that decree Shipman obtained this appeal.

The motion of the appellee to dismiss this appeal as improvidently awarded, "because the only matters in controversy, and the only errors alleged in the petition are as to costs and interest on costs," cannot be sustained. It is true that the decree of March 22, 1888, upon which the court below refused to allow interest, and which refusal is the principal error complained of on this appeal, was for costs, but not for costs in this case. That decree was for costs in the case of *Shipman* v. *Fletcher.* If Shipman had brought an action of debt upon the decree of March 22, 1888, to recover a judgment thereon, and the court, upon the trial, had made erroneous rulings against either party, it would hardly be contended by any one that this court would

not have jurisdiction to correct the error upon the application of
the party aggrieved, if the injury done him amounted to the
sum of $500. If he asserted the same demand in a court of
equity, either as plaintiff or as a defendant, by way of set off
against the plaintiff's demand, as was done in this case, and the
court erroneously refused to allow or erroneously allowed in-
terest thereon, or committed any other error to the prejudice
of either party to the amount of $500, there is no reason, nor
rule of law why the party injured would not have the right to
appeal to this court to have the error corrected.

The fact that the original demand sued on, or relied on as a
set off, as the case may be, was based on a decree solely for costs
recovered in another suit, in which the matters in controversy
were wholly different, cannot affect the question of appeal.

The case of *Cooke* v. *Piles*, 2 Munf. 151, so much relied on
by counsel of appellee, presents an entirely different question
from that presented in this case.

The amount in controversy in this case being more than
$500, exclusive of the costs of the suit, this court has jurisdic-
tion of the case (Code, secs. 3454 and 3455), and the motion to
dismiss must be overruled.

The first and principal error assigned is to the action of the
court sustaining the exception of Fletcher's administrator to the
report of the commissioner, which allowed interest on the de-
cree of March 22, 1888, for $1,467.70.

The record shows that a *fieri facias* had been issued upon
that decree upon the 27th day of April, 1888, and returned
"no property found," and that thereupon Shipman brought
suit upon the decree in the Supreme Court of the District of
Columbia, where Fletcher resided; that afterwards, on the 4th
day of June of that year, Waters, to whom the decree had been
assigned, filed a writing in the case of *Shipman* v. *Fletcher*,
pledging that decree as security for costs, as stated in the bill.

Upon the allegations of the bill, Fletcher was entitled to
have Shipman enjoined from collecting the decree, upon the

ground that he was insolvent, and, if allowed to collect that debt, he would be unable to satisfy the amount which he then owed Fletcher, but which was still in litigation, and also upon the ground that the decree was pledged as security for costs. But none of the averments of the bill affected the validity of the decree, or furnished any foundation for restraining Shipman from prosecuting to a judgment the suit which he had brought upon the decree in the District of Columbia. When Shipman pledged the decree as security for costs he put it beyond his power to collect or appropriate the proceeds thereof to his own use, or that of his assignee; but that act did not prevent him from obtaining judgment upon it, in order that he might render it an interest-bearing debt, and increase the security for its payment. The effect, therefore, of the injunction obtained by Fletcher was to enable him to retain the money which he owed Shipman, and thereby get the use of it pending the litigation, in which he was seeking to establish his demand against Shipman, and to prevent Shipman from getting judgment upon his decree.

In delivering the opinion of the court in *Templeman* v. *Fauntleroy*, 3 Rand. 434, 447, a case where a party was restrained from paying money, by reason of a foreign attachment and garnishment proceeding against his creditor and himself, it was said by Judge Carr: "In all such cases I think the safe and sound doctrine is that if a party, though restrained from paying, holds and uses the money (we must presume he uses it if he continues to hold it), he ought to pay interest; because money is worth its interest; and, if the holder does not think so, he has always the privilege of bringing the money into court; and because, if the debtor could, under this restraining process, hold the debt for years, without interest, it would offer a strong temptation to him to stir up claims of this kind, and to throw all possible obstacles in the way of a decision of the questions raised."

If a debtor should pay interest on what he owes, where he is

restrained from paying by the act of another, a *fortiori*, he should do so, where, as in a case like this, he himself procures the restraining order (upon grounds which do not affect the validity of the debt), by which he is enabled to retain and use his creditor's money, whilst he himself is establishing and reducing to judgment his own demand against him, whose judgment he has enjoined in order that he may save his own debt by setting it off as far as necessary against what he owes to his insolvent debtor.

The fact that Shipman's decree of March 22, 1888, was for costs, and did not provide for interest, does not change the rule, or affect the question in a case like this. By means of his injunction, Fletcher was enabled to retain Shipman's money for his own protection and use, and if he did not wish to pay for the use of it during that period he ought to have paid it into court, where it could have been loaned out, and made to bear interest.

Under the circumstances of this case it is clear that Shipman was entitled to interest on $1,467.70, the amount of the decree of March 22, 1888, from the date of the injunction, until the 10th day of November, 1895, the time to which the commissioner calculated interest on the decree of June 14, 1895, in favor of Fletcher's administrator in stating the account, and that the court erred in not so decreeing.

The action of the court in overruling the appellant's exceptions to several small items, to which the commissioner reported that the appellee was entitled, is also assigned as error.

These items were properly proven in the opinion of the commissioner and the Corporation Court, and we cannot say upon the incomplete record before us that they were not properly allowed. These assignments of error must be overruled.

Neither did the court err in requiring the appellant Shipman to pay the costs of this suit, for, as we have before seen, Shipman was properly enjoined from collecting his debt, though there was no ground for restraining him from prosecuting his action, in the District of Columbia, to judgment.

The decree complained of must be reversed, in so far as it failed to allow interest on the said $1,467.70, and this court will enter such decree as the Corporation Court ought to have entered.

*Reversed.*